FILED _____ ENTERED
LODGED _____ RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

APR 1 8 2012

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

|  |  |  |
|---|---|---|
| GUY F. MARTIN, JR. | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-11-3444 |
| BARACK H. OBAMA, | * | |
| Defendant. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Guy F. Martin ("Plaintiff" or "Martin"), brings this *pro se*[1] action against President Barack H. Obama (the "President") seeking an injunction halting the enforcement of 2 U.S.C. §§ 2, 2a, and 2b for the 2012 congressional elections, and apportioning one Representative for every 30,000 citizens. The President moved to dismiss or, alternatively, for summary judgment pursuant to Rule 12 and 56 of the Federal Rules of Civil Procedure (ECF No. 6). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the President's Motion to Dismiss (ECF No. 6) is GRANTED.

## BACKGROUND

In ruling on a motion to dismiss, "[t]he factual allegations in the Plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the

---

[1] Because plaintiff is proceeding *pro se*, his filings have been "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted).

plaintiff." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). A *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Construing the complaint liberally, *see De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003), Plaintiff is challenging the constitutionality of the apportionment of Congressional districts. Martin contends that the President, by enforcing 2 U.S.C. §§ 2, 2a, and 2b (which limit the number of United States House of Representatives apportioned to each State to a total of 435), is depriving the people of Maryland of 184 representatives in the United States House of Representatives because there should be one Representative for every 30,000 citizens (for a present total of 9,565 members of the House). Plaintiff alleges that the present eight Representatives underrepresent the citizens of Maryland because that is a ratio of about one Representative for every 721,694 citizens. Martin seeks an injunction order requiring the President to halt enforcement of 2 U.S.C. §§ 2, 2a, and 2b and all subsequent court rulings that support the statutes for the 2012 Congressional election for all States.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Here, the President challenges the justiciability of this case on the ground that Plaintiff's

2

claim raises a nonjusticiable political question.  As this Court recently noted in another matter concerning this same Plaintiff, "[a] finding of nonjusticiability under the political question doctrine deprives the court of subject matter jurisdiction. *Taylor v. Kellogg Brown & Root Servs., Inc.*, 658 F.3d 402, 412 (4th Cir.2011).  Thus, this court will treat defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)." *Martin v. Maryland*, No. CCB-11–3443, 2012 WL 440736 (D. Md. Feb. 9, 2012).

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  In determining whether jurisdiction exists, the district court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768–769 (4th Cir. 1991). Motions to dismiss for lack of subject matter jurisdiction are appropriate where a claim fails to assert facts upon which jurisdiction may be based. *See Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996).

## ANALYSIS

The United States Constitution's Fourteenth Amendment requires that the number of representatives must be "apportioned among the several states according to their respective numbers."  U.S. CONST. amend. XIV, § 2, *United States Dept. of Commerce v.*

3

*Montana*, 503 U.S. 442, 444 n.1 (1992). To implement the constitutional mandate of apportionment, Congress has established by statute the exclusive method for determining each state's allotment of representatives. *See* 2 U.S.C. § 2a. This statute requires taking a decennial census and reporting the results to the President. *Id.* The Secretary of Commerce is responsible for administering the decennial census and reporting the results to the President. *See* 13 U.S.C. § 141(a), (b) (2011). Thus, by federal law, the President and officials of the Department of Commerce are responsible for determining the number of representatives to which "each State shall be entitled." 2 U.S.C. § 2a, *see also Franklin v. Mass.*, 505 U.S. 788 (1992).

The claim in this case is a political question that must be determined by the legislative and executive branches of government and is not justiciable. *Saunders v. Wilkins*, 152 F. 2d 235, 237 (4th Cir. 1945). "The political question doctrine recognizes the constitutional separation of powers among the branches of the federal government, as well as the inherent limitations on the judiciary." *In re KRB, Inc.*, 736 F. Supp. 2d 954, 958 (D. Md. 2010) (internal citations omitted). The doctrine excludes from judicial review cases in which courts have "no rightful power and no compass." *Smith v. Reagan*, 844 F. 2d 195, 202 (4th Cir. 1988). It is designed to restrain the judicial branch from inappropriate interference in the business of the other branches of government. *United States v. Munoz-Flores*, 495 U.S. 385, 394 (1990). In *Baker v. Carr*, 369 U.S. 186, 217 (1962), the Supreme Court set forth six guidelines to aid a court in identifying a political question: (1) textually demonstrable constitutional commitment of the issue to a coordinate political department; or (2) a lack of judicially discoverable and manageable standards for resolving it; or (3) the impossibility of deciding

without an initial policy determination of a kind clearly for nonjudicial discretion; or (4) the impossibility of a court's undertaking independent resolution without expressing lack of respect due to the coordinate branches of government; or (5) an unusual need for unquestioning adherence to a political decision already made; or (6) the potentiality of embarrassment from multifarious pronouncements by various departments on one question. In applying these guidelines, a court must engage in a "discriminating inquiry into the precise facts and posture of the particular case," while understanding "the impossibility of resolution by any semantic cataloguing." *Id.*

The first factor of the *Baker* guidelines applies in this case as there is clearly demonstrable constitutional authority, and Congressional statutes authorizing the coordination and remedy to this issue. As stated above, the Constitution and various statutes clearly delineate the responsibilities of the President and the Executive Branch in apportioning seats for the United States House of Representatives, and therefore this is a political rather than judicial question, and is non-justiciable. In *Saunders*, the Fourth Circuit held that "the courts . . . have no authority to declare that a greater number of representatives shall be elected and admitted to Congress than the statute specifies . . . and the action [is] dismissed." *Saunders*, 152 F. 2d at 238. This Court simply does not have the authority to enjoin the President from enforcing the statute, nor can it mandate an increase of the number of Representatives to the United States House of Representatives insofar as that issue is decreed by statute and under the control of the Executive Branch.[2]

---

[2] Although there are circumstances where challenging the apportionment of congressional districts will not be barred under the political question doctrine, this is not such a case. This Court has jurisdiction if it is alleged that a violation of the Voting Rights Act of 1965 or any of the relevant

Further, the constitutional challenge alleged by the plaintiff—specifically that 2 U.S.C. § 2a is prohibited by Article 1 Section 2 Clause 3 of the Constitution—is a question that this Court may not hear. The Constitution grants Congress the authority to determine the apportionment of the House of Representatives and the manner in which Representatives are elected. U.S. CONST., art. I, § 2, cl. 3 & art. I, § 4., cl. 1. To question the manner in which Congress exercises this enumerated power would be an invasion of the legislative sphere. As the Fourth Circuit stated in *Saunders*, "it would be necessary for this court to hold that notwithstanding the Act of Congress, the number of Representatives from Virginia and therefore of other states in the Union as set out in the Act of Congress is erroneous and should be changed. This determination we have no power to make." 152 F.2d at 238. As such, the Fourth Circuit held that "[t]he courts . . . have no authority to declare that a greater number of representatives shall be elected and admitted to congress than the statute specifies[.]" *Id.* Based on the clear text of the Constitution and the Fourth Circuit's decision in *Saunders*, this Court has no authority to address the political question alleged by the plaintiff and is barred from reviewing this claim.

Thus, the President's Motion to Dismiss (ECF No. 5) is GRANTED.

---

United States Constitution provisions has occurred. *Anne Arundel County Republican Central Committee v. The State Administrative Board of Election Laws*, 781 F. Supp. 394 (D. Md. 1991); *Marylanders for Fair Representation Inc. v. Schaefer*, 849 F. Supp. 1022 (D. Md. 1994). When there is a constitutional challenge to the apportionment of congressional districts, a panel of three district court judges shall be convened. 28 U.S.C. § 2284. While the Plaintiff cites a plethora of cases involving voter disenfranchisement in opposition to the President's Motion to Dismiss, the Plaintiff has not alleged a violation under the Voting Rights Act of 1965.

**CONCLUSION**

For the foregoing reasons, Defendant Barack H. Obama's Motion to Dismiss (ECF No. 6) is GRANTED.   Plaintiff's Complaint, (ECF No. 1) is DISMISSED WITH PREJUDICE.

Dated: April 17, 2012                    /s/ _____
                                         Richard D. Bennett
                                         United States District Judge